**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY JAMES ANDERSON, individually and as Trustee of the 2004 Henry James Anderson Revocable Trust; et al.,          Plaintiffs - Appellants,    v. CERTAIN UNDERWRITERS AT LLOYD'S UNDER POLICY NO. B0146LDUSA0701030,          Defendant - Appellee. | No. 12-17386 D.C. No. 3:11-cv-05760-RS MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted February 12, 2015
San Francisco California

Before: PAEZ and BERZON, Circuit Judges and MORRIS,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Brian M. Morris, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

Henry Anderson and other plaintiffs, collectively "Anderson," were assigned ePlanning's rights against Brit UW Limited ("Brit"). Anderson alleges that Brit breached its contract with ePlanning and its duty of good faith and fair dealing under California law by refusing to defend ePlanning and to settle Anderson's claims. The district court dismissed Anderson's first amended complaint with prejudice. Anderson appeals. We review de novo, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc), and affirm.

**1.** In this diversity suit, we apply California law. To prevail on his claim for breach of the duty to defend, Anderson need not prove coverage existed. Instead, Anderson must prove only "the possibility of coverage at the time the claim is raised." *Food Pro Int'l, Inc. v. Farmers Ins. Exch.*, 169 Cal. App. 4th 976, 992 (2008).

**2.** The district court determined that no coverage existed, because the policy's "Partial Professional Services Exclusion" barred all of Anderson's claims. This exclusion provided that Brit was not liable for any claim under the policy "for any act, error or omission in connection with the performance of any professional services by or on behalf of [ePlanning] for the benefit of any other entity or person." Anderson alleged in his original complaint that ePlanning had failed to supervise properly its employees and had failed to audit its own files to determine whether its employees were selling products not authorized by ePlanning.

**3.** Anderson argues that the professional services policy exclusion should not apply here. In support of his argument, Anderson cites numerous cases where courts have determined that certain acts did not constitute "professional acts" even if the acts had been committed by a professional. Brit distinguishes Anderson's cases as not dispositive here, because the policy exclusion in this case contains "in connection with" language in the policy exclusion. We agree. The California Court of Appeals has construed professional services policy exclusions narrowly. *Food Pro*, 169 Cal. App. 4th at 991; *N. Counties Eng'g, Inc. v. State Farm Gen. Ins. Co.*, 224 Cal. App. 4th 902 (2014). The "in connection with" language nevertheless broadens the exclusion beyond the professional services themselves.

**4.** Brit argues that ePlanning's failure to supervise and failure to audit fall within the professional services policy exclusion. ePlanning provided professional services related to selling securities. ePlanning's employees sold securities, including security products not authorized by ePlanning. ePlanning failed to supervise its employees properly to ensure no unauthorized securities were being sold. ePlanning also failed to audit the securities sold by its employees to ensure that no unauthorized securities had been sold. These omissions fall within the exclusion for actions done "in connection with" professional services.

**5.** We reject Anderson's remaining contentions on appeal. We affirm the district court's dismissal of the complaint.

**AFFIRMED**.